# PARKER COLLEGE v. MINNESOTA ANNUAL CONFERENCE.[1]

February 13, 1931.

No. 28,272.

[1]Reported in 235 N. W. 12.

*Meighen, Knudson & Sturtz* and *James H. Hall*, for appellant.
*H. C. Lindgren* and *Putnam & Carlson*, for respondent.

OLSEN, J.

Defendant appeals from an order denying its motion for a new trial.

Plaintiff sued to recover $5,500 and interest, claimed to be due and owing to it from this defendant under a written agreement dated December 1, 1924, whereby payment of the sum stated became due January 1, 1928. Both parties are corporations. The case was tried by the court without a jury, and plaintiff was found entitled to recover.

The defendant by its answer raised the issue that this defendant corporation was not a party to and had not made or authorized the agreement upon which suit was brought. This is the main question presented. There are some further claims that the agreement, if made by defendant, would be ultra vires, and that the court erred in finding that defendant had partly performed and ratified the agreement.

The defendant contends that there were and are two separate organizations bearing the name "Minnesota Annual Conference" of the Methodist Episcopal Church, both having the same membership, one being a corporation, which is this defendant, and the other

being an unincorporated association, and that the agreement in question was made by the unincorporated association. The court found that the agreement was made for and by the defendant corporation; that plaintiff had fully performed its part of the agreement and that defendant had partly performed the agreement and had ratified it; that defendant's contention that there was a separate unincorporated association, which entered into the agreement, was unproved and untrue. The issues here are whether these findings are sustained by the evidence.

■ We do not attempt a detailed statement. of all the facts shown. Prior to 1891 the Minnesota Annual Conference of the Methodist Episcopal Church was an unincorporated organization or association. It was affiliated with and subject to the discipline of the general organization of the Methodist Episcopal Church of America. The book of discipline of the general organization provided that state and local conferences should be incorporated where permitted to do so by local laws. In conformity with this requirement the Minnesota Annual Conference of the Methodist Episcopal Church adopted articles of incorporation and became incorporated in 1891, under L. 1885, p. 194, c. 151, providing for the formation of religious corporations, and has since so remained. The members of the unincorporated association became and constituted the membership of the corporation. After that, at least every year since 1909, the Minnesota Annual Conference, in its reports to the general organization, in response to questions therein contained, reported that it was duly incorporated. The articles of incorporation provide for the election of a board of trustees of 15 members, whose term of office is to be three years and so arranged that five trustees are to be elected at each annual meeting of the members of the corporation. The articles provide that these trustees be elected on the second day of each annual meeting, and trustees have been so elected ever since. These annual meetings are the only meetings of the members of the corporation provided for in the articles.

We are asked to hold that the annual meetings of the Minnesota Annual Conference were in fact meetings of two organizations; that

504

the meetings of defendant corporation were confined to the time occupied in electing its trustees on the second day of such annual meetings, and that the balance of the meetings were meetings of the members of the corporation as an unincorporated organization and not meetings of the corporation. We are unable so to hold as a matter of law, and the trial court has found otherwise as a fact. It may be noted that the year books of the conference show that the time occupied in electing corporation trustees was about ten minutes of a five- or six-day session. It may be noted also that these year books list the names of the defendant's trustees as "Conference Trustees."

It is conceded that the agreement sued upon was entered into by commissioners appointed by the Minnesota Annual Conference with commissioners or representatives authorized to act for plaintiff corporation; that it was adopted and acted upon by plaintiff corporation; and that the agreement was reported to and adopted by the Minnesota Annual Conference at its annual meetings in 1924 and 1925. But it is claimed that the Minnesota Annual Conference which appointed the commissioners and adopted their report was an unincorporated association and was not the defendant corporation.

The agreement in question was one for the retransfer of the control of Parker College, an educational institution at Winnebago, in this state. This was originally a Baptist college, but the control and management of the college and its property and the control of plaintiff corporation were transferred by the Baptist Church and the plaintiff corporation to the Minnesota Annual Conference of the Methodist Episcopal Church in 1911. From then on up to September, 1924, the plaintiff corporation was controlled, and the college and its property controlled, managed, used, and operated, by the Methodists. Pursuant to the agreement sued upon, the control of the college and its property was duly returned to plaintiff, and the Minnesota Annual Conference surrendered its control of the plaintiff corporation and of the college property, with the agreement to pay the $5,500 before mentioned to equalize values of

property received and that returned. The property involved in these transfers had a value of more than $75,000. There were a number of adjustments of property and payments to be made after the agreement was made. These matters appear to have been satisfactorily settled except the one now in dispute. At the trial there was an issue as to whether any use could have been made of one of the college buildings, but the findings of the court thereon are not complained of. Plaintiff has fully performed its part of the agreement, and so far as appears the Minnesota Annual Conference has performed its part thereof, except the payment of the $5,500. It is apparent that if the defendant was the party which acted in these matters then it has partly performed and ratified the agreement.

No case near enough in point to be of much value has been called to our attention.

■ That a corporation can contract only by vote of its members in meeting assembled, by vote of its board of trustees, or through agents authorized to act by vote of one or the other of such bodies is elementary.

■ That the members of a corporation may ratify acts of officers and agents who acted beyond the scope of their authority, where the matter is within the powers of the corporation, is well settled. The equitable doctrine of ratification and estoppel applies to religious corporations the same as to other corporations. Norwegian E. L. B. Congregation v. U. S. F. & G. Co. 81 Minn. 32, 83 N. W. 487.

■ That a church society does not necessarily become merged in a corporation organized by it may be conceded. Property and secular matters may be confided to a corporation, and ecclesiastical and church matters remain with the congregation as an unincorporated body. 23 R. C. L. pp. 425, 426. In that situation, whether a particular agreement or transaction is one entered into by or on behalf of the corporation or the unincorporated association is a question of fact. It was a question of fact here. Defendant's evidence as to the manner of conducting the business of the annual meetings and as to the business transacted by the corporation trustees tends to sustain its contention here but is not conclusive.

■ In acquiring and disposing of Parker College real and personal property of large value was involved. It was in substance and actually transfers of property. By its charter the defendant was authorized among other things to acquire, hold, and dispose of real and personal property for religious, charitable, and educational purposes. There was nothing ultra vires either in its acquiring or disposing of Parker College.

■ It is suggested that by the agreement in question the defendant undertook to guarantee a debt of Parker College. The record does not sustain any such claim. The suit is upon an indebtedness owing by defendant to plaintiff, and not upon any guaranty of any indebtedness of plaintiff or of Parker College.

■ Defendant's charter provides that its board of trustees, through whom the corporation shall act, shall have the full management and government of the corporation. It does not appear here that the board of trustees as such took any action. Two of the trustees were members of the commission appointed and signed the agreement. But a contract signed by persons authorized by the corporation so to do, if not of itself sufficient, may be ratified by the corporation. 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2016; Matteson v. U. S. & C. Land Co. 112 Minn. 190, 127 N. W. 629, 997. Section 5 of the law under which defendant is incorporated, L. 1885, p. 194, c. 151, grants, not to the board of trustees, but to the corporation itself, power to make contracts. We are not prepared to hold that the provision of defendant's charter divested the members of the corporation, assembled in annual meeting, of the powers conferred by law upon the corporation to make or to authorize contracts to be made by persons empowered to act for it.

While the name of the corporation is "Minnesota Annual Conference," it is evident from the articles that the organization intended to be incorporated was what had theretofore been known as the "Minnesota Annual Conference of the Methodist Episcopal Church." Any confusion thereafter in the use of the shorter or the longer name is not important.

The record has been examined with some care, and we find evidence therein sufficient to sustain the findings of fact made by the trial court.

Order affirmed.